UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| IVAN VERNORD CLEVELAND,<br>        Plaintiff,<br>    v.<br>RANDY GROUNDS,<br>        Defendant. | Case No. 12-cv-05222-SBA (NJV)<br><br>**ORDER FINDING CASES ARE NOT RELATED**<br>Re: Dkt. No. 6 |

Plaintiff Ivan Cleveland filed this petition for writ of habeas corpus in *pro se*. Doc. No. 1. Because the petition attached a document that referenced the allegations of sexual harassment that are at issue in *Cleveland v. Curry*, No. C 07-2809 NJV ("2809"), the district court issued an Order of Referral directing the undersigned to determine whether the two cases are related and whether this case ("5222") should be reassigned to the undersigned. Doc. No. 6. "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." N.D. Civ. L.R. 3-12(a).

Cleveland belatedly filed a response to the district court's order in 5222, in which he argues that the two cases are *not* related. Doc. No. 7. He states that 5222 "deals strictly with violations [due] to the overcrowding situations in our state prisons." *Id*. at 1; *see also id*. at 2 (5222 "is a petition for writ of habeas corpus challenging violations due to the overcrowding situation only"). He referenced the allegations of sexual harassment only to illustrate one of the problems created by overcrowding. *Id*.

The undersigned also ordered the parties in 2809 to address whether the cases should be related. Doc. No. 135. Counsel for Defendants agrees that "Cleveland's due-process rights and medical treatment [claims] . . . have no connection to this case." Doc. No. 136 at 1. Counsel for Plaintiffs argues that the same sexual assault alleged in 2809 also forms the premise of the claim in 5222, and thus that the two cases are related. Doc. No. 137.

Although Cleveland's sexual harassment claims are relevant to both 2809 and 5222, the undersigned finds that the cases are not related. First, the actions do not concern substantially the same parties, property, transaction or event. Cleveland is the only plaintiff in 5222, and only one of five plaintiffs in 2809; the defendants are different in the two cases. While the sexual harassment allegations are the central issue in 2809, they merely illustrate Plaintiff's complaints about overcrowding in 5222. Second, it does not appear likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges at this point. On the contrary, it appears likely that relating the two cases would create an undue burden in this instance. 2809 was filed more than six years ago, and trial is scheduled to begin in November 2013. Discovery in that case is closed. Defendants in 5222 have not yet been served. Relating the two cases now would add two new claims to 2809, would require the reopening of discovery, and undoubtedly would require continuing the trial date. The undersigned notes that, in August 2012, the district court denied Plaintiff's motion to amend the complaint in 2809 because allowing an amendment at such a late stage in the litigation would "significantly prejudice" Defendants. Doc. No. 92. There also seems to be little risk that having two judges decide the cases separately will lead to conflicting results. To the extent a judgment in 2809 is significant to Plaintiff's claims in 5222, it will be available to the parties in 5222 well in advance of the filing of any dispositive motions in that case.

For the foregoing reasons, the undersigned concludes that the two cases are not related.

**IT IS SO ORDERED**.

Dated: July 10, 2013

_____
NANDOR J. VADAS
United States Magistrate Judge

2