IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN CLEVELAND,<br><br>    Petitioner,<br><br>  v.<br><br>RANDY GROUNDS,<br><br>    Respondent.                              / | No. C 12-5222 SBA (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

This case was commenced when Petitioner filed a document captioned "Petition For A Writ of Habeas Corpus" and a request to proceed In Forma Pauperis ("IFP") Dkt. 1.[1] The petition included an attachment, which is another document that referenced the allegations of sexual harassment. Those allegations were at issue in his prior civil rights action before Magistrate Judge Nandor Vadas. See Case No. C 07-2809 NJV. Therefore, this Court issued an Order of Referral directing Judge Vadas to determine whether the two cases were related. Judge Vadas later determined that the two cases were not related. Dkt. 8. Petitioner's civil rights action before Judge Vadas has since been settled. Dkt. 251 in Case No. C 07-2809 NJV.

The instant petition does not challenge either the fact of Petitioner's conviction or the length of his sentence. Rather, it pertains to the conditions of Petitioner's confinement. Such claims are typically presented in a civil rights complaint -- similar to what Petitioner had filed in Case No. C 07-2809 NJV. See Moran v. Sondalle, 218 F.3d 647, 650-52 (7th Cir. 2000); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and

---

[1] Petitioner previously filed a habeas corpus action challenging his 2000 conviction and sentence rendered in the Los Angeles County Superior Court, which is in the venue of the Central District of California. See Case No. C 12-5298-SBA (PR). That action was transferred to the Western Division of the United States District Court for the Central District of California. Dkt. 6 of Case No. C 12-5298 SBA (PR).

conditions of confinement must be brought in civil rights complaint).

The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996).  However, the Ninth Circuit has held that a habeas action is an improper vehicle to address claims based on the prisoner's conditions of confinement. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

A district court may construe a habeas petition attacking conditions of confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), but is not required to do so.  Since the Wilwording case, there have been notable changes in the law.  For instance, the filing fee for a habeas petition is $5.00; if leave to proceed in forma pauperis is granted, the fee is forgiven.  In civil rights cases, however, the applicable fee is $400.00.  Under the Prisoner Litigation Reform Act, the prisoner is required to pay the entire amount.  Even if granted leave to proceed in forma pauperis, the prisoner must still pay the $350.00 filing fee (though not the $50.00 administrative fee), by way of deductions from his or her prisoner account.  In addition, the pleading forms applicable to habeas actions are different than for a civil rights action.  Thus, information that is important in a civil rights case (such as whether the prisoner fully exhausted his claims) is not included in a habeas form petition.  Given these distinctions, the Court finds that the preferable course of action is to dismiss the action without prejudice to Petitioner filing a civil rights action if he wishes to do so in light of the above.  Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED without prejudice to refiling as a civil rights action.  The Clerk shall send Petitioner a blank civil rights form and the Court's prisoner in forma pauperis application form along with his copy of this Order.

This Order terminates Docket No. 5.

1    IT IS SO ORDERED.

2    DATED: _____5/30/2014_____            *Sandra B Armstrong*
3                                          SAUNDRA BROWN ARMSTRONG
                                           United States District Judge